

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/27/2021

August 18, 2021

Hon. Victor Marrero
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

        **Re:** ***United States v. Lloyd Kidd***
           **18-CR-872 (VM)**

Dear Judge Marrero:

  Lloyd Kidd is currently scheduled to be sentenced by this Court on September 10, 2021, following his conviction after trial in July 2019 of one count of sex trafficking a minor, and one count of the production of child pornography. I write today with two requests.

  First, I respectfully request Mr. Kidd's sentencing to be adjourned for 60-90 days. The reason for this request is as follows. On March 4, and March 8, 2021, respectively, essentially identical bills were introduced by the House and the Senate, designed to prevent federal judges from considering acquitted conduct at sentencing. Entitled the Prohibiting Punishment of Acquitted Conduct Act of 2021, the legislation has bipartisan support.[1] In June 2021, the bill was voted out of the Senate Judiciary Committee by a 16-6 vote, and on July 12, 2021, the legislation was placed on the Senate legislative calendar, waiting for a vote by the full Senate.

---

[1] One of the Senate bill's sponsors, Chairman of the Senate Judiciary Committee, Senator Dick Durbin, stated when the bill was introduced: "Under our Constitution, defendants can only be convicted of a crime if a jury of their peers finds they are guilty beyond a reasonable doubt. However, federal law inexplicably allows judges to override a jury verdict of 'not guilty' by sentencing defendants for acquitted conduct. This practice is inconsistent with the Constitution's guarantees of due process and the right to a jury trial[.] Our bipartisan, bicameral bill would make it clear that this unjust practice is prohibited under federal law." Similarly, ranking Republican Senator Charles Grassley observed, "If any American was acquitted of past charges by a jury of their peers, then some sentencing judge down the line shouldn't be able to find them guilty anyway and add to their punishment. A bedrock principle of our criminal justice system is that defendants are innocent until proven guilty. The use of acquitted conduct in sentencing punishes people for what they haven't been convicted of. That's not acceptable and it's not American. Back in 2014, Justices Scalia, Thomas and Ginsburg all agreed, but weren't able to hear the case and stop the practice. Our bill will finally prohibit under federal law what many already find patently unconstitutional[.]" [Durbin, Grassley, Cohen, Armstrong Introduce Bipartisan, Bicameral Prohibiting Punishment of Acquitted Conduct Act | United States Senate Committee on the Judiciary](#)

Given the bipartisan support of the bill in both the Senate and the House, it is likely that the bill will become law sometime in the fall.

As the Court is aware, Mr. Kidd was charged in a five-count indictment, alleging multiple acts of sex trafficking through the use of force, allegedly involving both minors and adults. Count 1 charged Mr. Kidd with trafficking victim 1 as a minor and through force. Count 5 charged Mr. Kidd with producing child pornography by taking sexually explicit photos of victim 1 less than two months before she turned 18. Counts 2-4 charged Mr. Kidd with sex trafficking acts involving other alleged victims. At end of the trial, the jury acquitted Mr. Kidd of counts 2-4, as well as of the force element in count 1.

The current version of the presentence report (PSR),[2] issued on April 2, 2020, includes eight paragraphs (¶¶ 14-21) in its "offense conduct" section that address conduct of which Mr. Kidd was acquitted. Under current law the Court may consider acquitted conduct at sentencing if it concludes that the conduct occurred by a preponderance of the evidence. *See United States v. Watts*, 519 U.S. 148 (1997). It is also an absolute certainty that the government will forcefully urge the Court to take into account the acquitted conduct in sentencing Mr. Kidd.

Notably, without the acquitted conduct, Mr. Kidd's case looks quite different. He stands convicted of trafficking victim 1 as a minor, and taking pictures of her when she was almost 18. Although victim 1 testified that she began working as a prostitute with Mr. Kidd when she was 15 years old, there is no corroborating evidence for that claim – no communications, no social media posts, and, most importantly, no ads posted on Backpage or found on Mr. Kidd's computer. The corroborative evidence appears to establish that victim 1 was 17 when she began working with Mr. Kidd. The photos that constitute count 5 (and the accompanying 15 year mandatory minimum sentence) were allegedly taken 6 weeks or so before victim 1 turned 18. The culpability and resulting sentence of someone who employed one 17 year old girl as a prostitute (without proof of force) is, or should be, very different than someone who employed several minors and used violence against them.

Because the pending bill has the potential to materially change Mr. Kidd's sentencing exposure, I respectfully request a 60-90 day adjournment of sentencing. Mr. Kidd should not have to suffer the consequences of a bad law that both Democrats and Republicans have described as unconstitutional and are in the process of fixing, simply because his sentencing date is set shortly before the remedy becomes law. I should note that on July 19, 2021, Judge Oetken, with the consent of the government, granted a 90-day adjournment on the very same grounds in *United States v. Franchesca Morales*, 15-cr.-879 (JPO). The government here opposes an adjournment, but in light of the fact that Mr. Kidd is in custody and faces a 15 year mandatory minimum sentence, any delay in his sentencing pending the outcome of this impactful legislation does not appear to significantly prejudice the government.

I also make a second request in the event the Court denies the request above. I am currently scheduled to be in El Salvador on a death penalty mitigation investigation between September 8-12. I am therefore unavailable for the sentencing presently scheduled for

---

[2] I filed objections to the PSR in December 2020, and was told by the Probation Department that a revised report would be issued. So far that has not occurred.

September 10.  If the Court denies my request for a 60-90 day adjournment, I respectfully ask the Court to move Mr. Kidd's sentencing to the week of September 13 or thereafter as convenient to the Court.  The government does not object to this second request.

Thank you for your consideration.

Respectfully Submitted,

/s/

Florian Miedel
*Attorney for Lloyd Kidd*

Cc:   Mollie Bracewell
      Elinor Tarlow
      Jacob Gutwillig
      Assistant U.S. Attorneys

---

Request **GRANTED**.  For the reasons stated in this letter, and considering the Government's position set forth in Dkt. No. 119, the sentencing currently scheduled for September 10, 2021 at 10 a.m. is hereby adjourned to December 9, 2021 at 10 a.m.

**SO ORDERED.**

August 27, 2021

Victor Marrero
U.S.D.J.