USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/10/2025

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

        - against -

LLOYD KIDD,

                Defendant.

18 Cr. 872 (VM)
24 Civ. 7138 (VM)

**ORDER**

---

**VICTOR MARRERO, United States District Judge.**

Before the Court is pro se Defendant Lloyd Kidd's ("Kidd") Motion to Vacate, Set Aside or Correct a Sentence pursuant to 28 U.S.C. § 2255 and Petitioner's Motion for Appointment of Counsel (See Dkt. No. 147.)[1] For the reasons set forth below, Kidd's motion to vacate is **DENIED** and his motion for appointment of counsel is **DENIED.**

## I. BACKGROUND

On July 15, 2019, following a jury trial, Kidd was convicted of Sex Trafficking of a Minor in violation of 18 U.S.C. § 1591(a), (b)(2) (Count One), and Inducement of a Minor to Engage in Sexually Explicitly Conduct pursuant to 18 U.S.C. § 2251(a), (e) (Count Five). On March 17, 2022, Kidd was sentenced to 256 months imprisonment followed by five years of supervised release. (See Dkt. No. 132.)

---

[1] Unless otherwise indicated, all docket citations in this Order refer to Case No. 18 Cr. 872.

1

Petitioner appealed from the final judgment of conviction to the United States Court of Appeals for the Second Circuit challenging his conviction. The Second Circuit affirmed the lower court judgment in a summary order. See United States v. Kidd, No. 22-cr-287, 2023 WL 7290904 (2d Cir. Nov. 6, 2023). On June 10, 2024, the Supreme Court of the United States denied *certiorari*. Kidd v. United States, 144 S. Ct. 2645 (2024). The instant petition was received by the Pro Se Office of the Southern District of New York on September 20, 2024. The petition and request for appointment of counsel is **DENIED**.

## II. DISCUSSION

This Court has the authority to review and deny a Section 2255 motion prior to directing an answer "[i]f it appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts, https://www.uscourts.gov/sites/default/files/rules_governing section 2254 and 2255 cases in the u.s. district courts - dec 1 2019.pdf; See Acosta v. Artuz, 221 F.3d 117, 123 (2d Cir. 2000).

Kidd seeks to vacate his sentence on several grounds, most of which were already considered and rejected by the

2

Second Circuit when it affirmed this Court's judgment. See United States v. Kidd, No. 22-287-CR, 2023 WL 7290904, at *1 (2d Cir. 2023).

His remaining arguments fare no better. The jury was properly instructed that Count One alleged Kidd engaged in sex trafficking of a minor—Victim-1 (Kaira Brown)—between spring 2015 and February 2017. (See Dkt. No. 78 at 89.) Even if the jury found the conduct occurred only in February 2017, the victim was still underage. See Kidd, 2023 WL 7290904, at *4. (See Dkt. No. 78 at 89.) In addition, Kidd's arguments that the Government potentially tampered with evidence is unsupported by any specific facts.

Kidd further argues that counsel was ineffective for failing to appeal the denial of his motion to suppress and for not seeking the Court's recusal. However, the Second Circuit affirmed both of those rulings, and Kidd thus cannot show a reasonable probability that the outcome would have been different absent counsel's alleged errors. See Kidd, 2023 WL 7290904, at *3-5; see also Strickland v. Washington, 466 U.S. 668, 687 (1984).

Accordingly, Kidd has not sufficiently demonstrated that he is entitled to post-conviction relief under 28 U.S.C. § 2255.

## III. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the Motion of Lloyd Kidd ("Kidd") to vacate, set aside, or otherwise correct his conviction and sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 147.) is **DENIED**; it is further

**ORDERED** that the Kidd's Motion for Appointment of Counsel is **DENIED** as moot.

As Kidd has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2553(c).

The Clerk of Court is respectfully directed to terminate the motion at Dkt. No. 147 in 18 Cr. 872 and to close 24 Civ. 7138.

**SO ORDERED.**

Dated:   10 July 2025
         New York, New York

_____
                              Victor Marrero
                              U.S.D.J.

4