USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/28/26

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

LLOYD KIDD,

Movant,

-against-

UNITED STATES OF AMERICA,

Respondent.

**18-CR-0872 (VM)**
**26-CV-8411 (VM)**

**TRANSFER ORDER**

**VICTOR MARRERO, United States District Judge:**

Movant Lloyd Kidd ("Movant"), currently incarcerated at F.C.I. Atlanta, brings this *pro se* motion under 28 U.S.C. § 2255, seeking to challenge his judgment of conviction entered in United States v. Kidd, No. 18-CR-0872 (S.D.N.Y. Jan. 31, 2022), aff'd No. 22-287-CR, 2023 WL 7290904, at *1 (2d Cir. Nov. 6, 2023). (See Dkt. No. 151 ("Motion").) For the reason set forth below, the Court transfers this action to the United States Court of Appeals for the Second Circuit.

Court records show that Movant has filed a previous motion for relief under Section 2255 challenging the same judgment of conviction. See United States v. Kidd, No. 18-CR-0872, Dkt. No. 147 (S.D.N.Y. July 10, 2025) (denying Section 2255 relief on the merits), aff'd No. 25-1929 (2d Cir. May 1, 2026). In fact, in the present Section 2255 motion, Movant confirms that "[t]his is a successive 2255 motion" and that his first Section 2255 motion "was denied

on July 2025, in the SDNY District Court." (Dkt. No. 151 at 1.) Because Movant's previous motion under Section 2255 was decided on the merits, this application is, as Movant indicates, a second or successive motion. See Corrao v. United States, 152 F.3d 188, 191 (2d Cir. 1998).

Before a second or successive Section 2255 motion is filed in the district court, authorization from the appropriate court of appeals is required. 28 U.S.C. § 2244(b)(3)(A). Movant must therefore move in the United States Court of Appeals for the Second Circuit for permission to pursue this application.[1]

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this Order to Movant. In the interest of justice, the Court transfers this Motion under Section 2255 to the United States Court of Appeals for the Second Circuit. See 28 U.S.C. § 1631; see also Liriano v. United States, 95 F.3d 119, 122-23 (2d Cir. 1996) (per curiam). This Order closes this case. If the Court of Appeals authorizes Movant to proceed in this matter, he shall move to reopen this case under this civil docket number.

---

[1] Movant must demonstrate that a motion to the Court of Appeals is based on newly discovered evidence or a new rule of constitutional law made retroactive by the Supreme Court. See 28 U.S.C. § 2255(h).

As the Motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: September 28, 2026
New York, New York

VICTOR MARRERO
United States District Judge